IN RE THE MATTER OF E.M.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:IN RE THE MATTER OF E.M.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 IN RE THE MATTER OF E.M.
2019 OK CIV APP 30
Case Number: 117565
Decided: 05/17/2019
Mandate Issued: 06/12/2019
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2019 OK CIV APP 30, __ P.3d __

 


IN RE THE MATTER OF E.M., Deprived Child:



LACIE ROBISON, Appellant,
v.
STATE OF OKLAHOMA, Appellee.




APPEAL FROM THE DISTRICT COURT OF
ROGERS COUNTY, OKLAHOMA

HONORABLE TERRELL S. CROSSON, JUDGE



AFFIRMED AND REMANDED WITH INSTRUCTIONS



C. Alison Wade, Tulsa, Oklahoma, for Appellant,

Kali Strain, Zachary Cabell, ASSISTANT DISTRICT ATTORNEYS, Claremore, Oklahoma, for Appellee,

Kacie Cresswell, Owasso, Oklahoma, for the Child.




ROBERT D. BELL, JUDGE:


¶1 Appellant, Lacie Robison (Mother), appeals from the trial court's order terminating her parental rights to her minor child, E.M. Appellee, the State of Oklahoma (State), filed a petition to terminate Mother's parental rights on the basis that she failed to correct the conditions for which the child was found to be deprived: Mother failed to correct the conditions of threat of harm, exposure to drug abuse, and failure to protect, even though she was given at least three (3) months to correct the conditions. State also alleged termination of Mother's parental rights would be in the child's best interests. After reviewing the record, we find clear and convincing evidence supports the grounds for termination of Mother's parental rights pursuant to 10A O.S. Supp. 2015 §1-4-904(B)(5) for her failure to correct the conditions of threat of harm, exposure to drug abuse, and failure to protect, even though she was given at least three (3) months to correct the conditions, and that the termination of Mother's parental rights is in the child's best interest. However, the order is remanded to the trial court with instructions to specifically state the uncorrected conditions with particularity, to identify the statutory basis for the termination, and to require Mother to pay child support.

¶2 The minor child was born August 1, 2016, and taken into emergency custody by the Department of Human Services (DHS) as soon as he was discharged from the hospital. State filed a petition to have the child adjudicated deprived August 19, 2016. State alleged Mother admitted to using drugs, specifically methamphetamine, while pregnant and within the last three months. State also alleged the biological father hit Mother during pregnancy causing her to have a black eye, the parents' previous child was removed from their care under a guardianship filing, the parents have an extensive criminal history, and it would be in the child's best interest to be adjudicated deprived. The child was adjudicated deprived September 27, 2016.[1]

¶3 The trial court ordered an Individualized Service Plan (ISP) for Mother November 22, 2016. The ISP ordered Mother to undergo a mental health evaluation; attend and obtain treatment for substance abuse (methamphetamine); obtain an assessment for battery; attend a victim's assessment; and obtain and maintain legal employment and provide a safe, stable, and clean home for the child.

¶4 During the proceeding, Mother had a warrant out for her arrest for aggravated assault and battery. Mother turned herself into Rogers County Jail on February 7, 2017. On May 23, 2017, a bench warrant for Mother was issued due to her violating terms of her probation. Mother was incarcerated when the pre-trial conference was set. Mother was released from Rogers County Jail January 24, 2018.

¶5 On March 3, 2017, State filed a motion to terminate Mother's parental rights pursuant to 10A O.S. §1-4-904(B)(5). State specifically alleged Mother's parental rights should be terminated because Mother failed to correct the conditions of threat of harm, exposure to drug abuse, and failure to protect, even though she was given at least three (3) months to correct the conditions. State also alleged termination of Mother's parental rights would be in the child's best interests.

¶6 On January 9, 2018, the court's permanency review order notes Mother was sworn in and questioned by the court about Mother's stated desire to waive her right to a jury trial. This matter proceeded to a bench trial. A DHS permanency worker and Mother testified at trial. Mother conceded she had not corrected the conditions or worked on the ISP when State filed the motion to terminate. Mother alleged she was incarcerated during this time frame, she did not have a place to live with the child and she had not completed her drug treatment. Mother stated the child was placed in DHS custody at four (4) weeks of age, and now the child is two (2) years old. Mother conceded the child has never lived with her and she has not cared for the child. But, she urged her parental rights should not be terminated because she was sober and had a job. Mother testified she discontinued taking medications prescribed to her for her mental health because she did not believe she needed same. She did not seek a physician's advice before discontinuing the medications.

¶7 The DHS permanency worker testified the child should be adopted by the current foster family. The DHS worker stated the child is happy and does not look to Mother for nurturing. The DHS worker stated Mother addressed some conditions only after the motion to terminate was filed because Mother's incarceration delayed the termination hearing. The DHS worker stated Mother was taken for an assessment and offered inpatient treatment, which Mother refused.

¶8 At the conclusion of trial, the trial court announced considering all the evidence and the mitigation that Mother completed, the clear and convincing evidence shows Mother failed to correct the conditions of threat of harm, exposure to drug abuse and failure to protect for which the child was found to be deprived even though Mother was given at least three months to do so. And, because the child has been in DHS custody for his entire life, the court also found it was in the child's best interests for Mother's parental rights to be terminated. While these detailed findings were announced at the trial, the trial court's order neglected to state the child's date of birth, it failed to specify the conditions that Mother failed to correct and the statutory ground for the termination, and the order failed to order Mother to pay child support. Mother appeals from this order.

¶9 For her first assignment of error, Mother contends the order is fatally deficient because it did not include the statutory basis for termination, nor did it include the specific findings of the conditions she failed to correct. When State seeks to terminate parental rights based on the grounds set forth at §1-4-904(B)(5), State must prove by clear and convincing evidence that the parent has failed to correct the condition which led to the child's deprived adjudication and the parent has been given at least three (3) months to correct the condition. In the Matter of S.B.C., 2002 OK 83, ¶5, 64 P.3d 1080. State must also prove that termination of the parental rights is in the child's best interests. 10A O.S. Supp. 2015 §1-4-904(A)(2). On appeal, this Court must also find the presence of clear and convincing evidence to support the trial court's decision. In the Matter of S.B.C., 2002 OK 83 at ¶7. Accordingly, this Court will "canvass the record to determine whether a factfinder could reasonably form a firm belief or conviction from the evidence that the grounds for termination were proven." In re C.D.P.F., 2010 OK 81, ¶6, 243 P.3d 21. However, this Court's appellate review does not require a re-weighing of the evidence presented at trial. Id.

¶10 Furthermore, "When the State initiates proceedings to terminate a parent-child bond pursuant to 10A O.S. 2011 §1-4-904(B)(5), it must provide parents with detailed allegations, specifying those conditions the State claims were not rectified. Due process demands such charges be included in the State's application to terminate parental rights, jury instructions, verdict forms, and final journal entry of judgment." In re T.T.S., 2015 OK 36, ¶22, 373 P.3d 1022.

¶11 Citing In re T.T.S., Mother argues the instant order -- which does not contain the statutory authority and a detailed listing of the uncorrected conditions -- is fundamentally deficient and must be reversed and remanded for a new trial. Unlike In re T.T.S., this parental rights termination case was tried by the court. Also, unlike In re T.T.S., the conditions Mother failed to correct were identified in the motion to terminate parental rights, the adjudication and disposition orders, the ISP, and the court's announced findings. Thus, while the order may be fundamentally deficient, we hold In re T.T.S. does not prohibit a bench-trial judgment, which is supported by clear and convincing evidence, from being remanded to the trial court, not for a new trial, but with instructions to enter a proper final order correcting the error.

¶12 After reviewing the appellate record, we hold clear and convincing evidence supports the trial court's determination that Mother failed to correct the conditions which led to the deprived child adjudication within the statutory time frame, and, termination is in the child's best interest. We therefore reject Mother's contention that the court erred in finding the child's best interest was served by terminating Mother's parental rights, and her claim that State failed to show, with clear and convincing evidence, that Mother failed to correct the conditions which led to the deprived child adjudication. Accordingly, the trial court's determination to terminate Mother's parental rights is affirmed.

¶13 However, because the order fails to contain the requisite findings, the order is remanded to the trial court to enter an order that states the statutory grounds for termination and the precise conditions which Mother failed to correct. The court is also instructed to remove from its order the reference to the beyond a reasonable doubt standard of proof which is applicable to proceedings involving Indian children. Furthermore, 10A O.S. 2011 §1-4-906(B)(2) provides the order terminating parental rights shall indicate that the duty of the parent to support his or her minor child will not be terminated unless the child is subsequently adopted as provided by §1-4-906(B)(3).

¶14 For her final assignment of error, Mother contends the record does not demonstrate Mother knowingly and intelligently waived her right to a jury trial. "The right to a jury trial in a child deprivation hearing can be surrendered by voluntary consent or waiver." Matter of J.L.O., IV, 2018 OK 77, ¶22, 428 P.3d 881, citing 12 O.S. 2011 §591. "Waiver must be competently, knowingly, and intelligently given." Matter of J.L.O., IV, at ¶22 (citation omitted). "The examining court is in the best position to observe an individual who waives a substantial and significant right. The district court is able to observe the person's actions and appearances, looking for any indication of a lack of mental clarity." Id. at ¶23 (citations omitted). This Court reviews the trial court's allowance of waiver of the right to a jury trial for abuse of discretion. Id. at ¶22.

¶15 After reviewing the transcript of the waiver hearing, we find no evidentiary support for Mother's claim that she did not knowingly or willingly waive her right to a jury trial. The record shows the following colloquy between the trial judge and Mother:

THE COURT: Okay. You heard the announcement of your attorney; is that in fact what you wish to do?

NATURAL MOTHER: Yes.

THE COURT: Are you under the influence of any drugs, alcohol, or narcotics that would affect your thinking?

NATURAL MOTHER: No.

THE COURT: Are you thinking clearly?

NATURAL MOTHER: Yes.

THE COURT: You understand that you have the right to have a jury trial?

NATURAL MOTHER: Yes.

THE COURT: Okay. At that jury trial you would be represented by your attorney and the jury would - - he would have a say in who was selected to appear on the jury, as would the state and the child's attorney. He is telling me that you don't wish to have a jury trial. Instead, you are willing to have what we call a bench trial; where I, the Judge, decides what happens on your case; is that what you want to do?

NATURAL MOTHER: Yes, Ma'am.

THE COURT: Are you doing that of your own freewill?

NATURAL MOTHER: Yes.

THE COURT: Has anyone threatened you, coerced you, or offered you anything of value in order to get you to waive your right to a jury trial?

NATURAL MOTHER: No.

THE COURT: Okay. I'll find your waiver of jury trial freely and voluntarily made.

Based on Mother's responses to the trial judge's questions, we hold the trial court did not abuse its discretion when it determined she voluntarily and knowingly waived her right to a jury trial.

¶16 AFFIRMED AND REMANDED WITH INSTRUCTIONS.


MITCHELL, P.J., and SWINTON, J., concur.



FOOTNOTES


[1] The biological father's parental rights were terminated August 15, 2017. He is not involved in this appeal.









 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2002 OK 83, 64 P.3d 1080, IN THE MATTER OF S.B.C.
Discussed at Length
 2010 OK 81, 243 P.3d 21, IN THE MATTER OF C.D.P.F.
Discussed
 2015 OK 36, 373 P.3d 1022, IN THE MATTER OF T.T.S.
Discussed
 2018 OK 77, 428 P.3d 881, IN THE MATTER OF J.L.O.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 591, Waiver of Trial by Jury
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA